IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cr-00394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN HEADLE,

    Defendant.

---

## ORDER ON MOTION TO RECONSIDER DETENTION

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant requests re-release on bond in a motion filed on June 27, 2014 (docket #121). The Court initially held a hearing concerning detention for Mr. Headle on October 3, 2013. At that time, based on the consensus among the U.S. Attorney's Office, the U.S. Probation Office, and the Defendant, the Court released him on bond (this is not a "presumption of detention" case and Defendant had no prior criminal history). At that time, the Assistant U.S. Attorney, Ms. Hazra, advised the Court that "there's been contact [with Defendant's divorcing spouse and potential witness in this case] that is improper and threatening, so I just want to, going forward, make it clear that he should have no contact with her." Docket #99 at 3. The Court advised the Defendant as follows:

> Well, I assume that you'll pursue more vigorously an allegation of threatening conduct if you think it rises to the level of a crime. . . . Mr. Headle, here's one thing that's certain. The law in this country does not permit anyone -- I'm not saying that you did anything wrong, but the law does not permit anyone to try to interfere with the testimony of another person, no matter if that person's your wife, your child, or a complete stranger. Trials in this country are based on truth, facts, and evidence by witnesses who are under no threat on which way they should testify, and any hint of that in this country usually

> results in a felony indictment, so you cannot interfere with the case through contacting, either directly or indirectly, any potential witness in the case. You understand that, don't you?
> THE DEFENDANT: Yeah, I really (inaudible - not at microphone).

Docket #99 at 4-5.

Thereafter, in May 2014, the U.S. Attorney pursued revocation of Defendant's bond on the ground that he had repeatedly contacted and harassed his divorcing wife. I held a hearing on that revocation. I issued an order revoking bond, stating

> Defendant has had innumerable contacts [with his wife], mostly lengthy, emotional, rambling texts and at least one telephone call. He has threatened her, called her names, called her a liar, and verbally abused her for cooperating with the Government in this matter. He has also questioned her repeatedly about whether she has been subpoenaed for his trial. She has accused him of stalking her.

Docket #114.

In his motion and at the oral argument on July 15, 2014, Defendant stated that he seeks reconsideration on several grounds, including (1) his need to get his affairs in order (and, in particular, his divorce and visitation with his child), since the prior revocation came as a surprise and he was detained from the street; and (2) his recognition that he did not fully appreciate or take seriously the prior order prohibiting contact with his wife, but he most certainly does now and is agreeable to a zero tolerance order. The U.S. Attorney's Office argues that this is no new evidence or circumstances that would affect the standards that the Court is to use regarding detention and, moreover, because Defendant has now entered a guilty plea to one count in the Indictment (and has a guideline incarceration range from 30-37 months), 18 U.S.C. § 3143 carries a presumption of detention not previously extant in this case. That provision requires that the Court "shall order that [Defendant] . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community

if released." *Id.* at 3143(a). Finally, the U.S. Attorney's Office has come forward with a charge against the Defendant in El Paso County, Colorado District Court alleging a felony count of fraud and deceit in obtaining a false prescription for Oxycodone, which arose in May 2014. This, the government argues, is a separately chargeable violation of Defendant's prior order of release. Under 18 U.S.C. § 3148(b), if there is probable cause to believe that a person on release has committed a state felony crime while on release, there is a rebuttable presumption that no condition or combination of conditions will assure that the person will not pose a danger to the community.

Therefore, I am presented with two new presumptions of detention against the Defendant, while at the same time having no new facts nor circumstances that would justify reconsideration of detention. Nothing has changed with regard to the Defendant's potential animus against his divorcing wife except that he has been in detention for approximately 40 days. I greatly sympathize with his desire to set things straight in his personal life before going to prison for potentially several years, but I believe the law affords me no wiggle room here.

Applying 18 U.S.C. § 3143(a) and 3148(b), continued detention is warranted. Therefore, Defendant's Motion to Reconsider Detention [filed June 27, 2014; docket #121] is **denied**. Defendant shall remain under presentence detention.

SO ORDERED.

DATED and ENTERED this 16th day of July, 2014, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge