IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy:  Deborah Hansen | Date:  October 3, 2014 |
| Court Reporter:       Gwen Daniel | Probation: Darren Streich |

_____

Criminal Action No.  13-cr-00394-WJM          <u>Counsel:</u>

UNITED STATES OF AMERICA,                    Suneeta Hazra

     Plaintiff,

v.

2. BRIAN HEADLE,                             Scott Varholak

     Defendant.

_____

### COURTROOM MINUTES
_____

HEARING - SENTENCING

10:58 a.m.     Court in Session

Appearances

Defendant is present and in custody.

Oath administered to the defendant.

Sentencing Statement by Ms. Hazra

Sentencing Statement by Mr. Varholak

The Court addresses the objections to the Presentence Investigation Report

Discussion

1

The Government agrees that its objection is now moot given that the final Presentence Investigation Report reflected the sentencing enhancement of 14 levels as opposed to 16.

**ORDERED:   The Government's Objections to Presentence Investigation Report [138] is OVERRULED AS MOOT.**

The Court addresses the Defendant's Objections to the Presentence Investigation Report [137].

**ORDERED:   Defendant Headle's Objection to the 16-level enhancement is also OVERRULED AS MOOT.**

Argument by Mr. Varholak regarding the approval of future employment and future business activity.

Argument by Ms. Hazra

Statement by Probation Officer Streich

**ORDERED:   The defendant's objection to the sixth condition of supervised release proposed by the probation officer regarding the approval of future employment and future business activity is OVERRULED.**

**The Court finds that the remainder of the defendant's objections will not affect sentencing and the Court will not consider the matters in sentencing; and therefore, pursuant to Rule 32 (i)(3)(B) no ruling on those objections is necessary.**

**ORDERED:   There being no objection to the Government's Motion to Dismiss Counts One Through Seven, Count Nineteen, Counts Twenty-One Through Twenty-Nine [152], the motion is GRANTED.  Counts One Through Seven, Count Nineteen, Counts Twenty-One Through Twenty-Nine are dismissed as to this defendant only.**

**ORDERED:   The Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) [154] is GRANTED**.

The Court addresses Defendant Headle's Motion for Variant Sentence [142].

**Argument by Mr. Varholak**

**Argument by Ms. Hazra**

Defendant's Allocution

**ORDERED: Defendant Headle's Motion for Variant Sentence [142] is DENIED.**

**ORDERED: The Defendant's objection to the Court's intended sentence is OVERRULED.**

Defendant plead guilty to Count 20 of the Indictment and admitted to the forfeiture allegation on June 26, 2014.

**ORDERED: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the Defendant, Brian Headle, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 36 months.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**ORDERED: Upon release from imprisonment defendant is placed on supervised release for a term of four years.**

**Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.**

**While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.**

**The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**ORDERED: Special conditions of supervision:**

    **1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation**

      **officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.**

2. **As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.**

3. **If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.**

4. **The defendant shall document all income or compensation generated or received from any source and shall provide such information to the probation officer as requested.**

5. **The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain any funds on his behalf.**

6. **All employment for the defendant shall be approved in advance by the supervising probation officer.**

    **The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity.**

    **For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on his behalf.**

    **For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the**

                **probation officer.**

**ORDERED:**  **The defendant shall make Restitution in the amount of $1,055,918 to the victims and in the amounts indicated in the Presentence Investigation Report.  Restitution is ordered jointly and severally with co-defendant Christopher Tumbaga.**

**ORDERED:**  **Pursuant to 18 U.S.C.§ 3664(j) the obligation to Colorado East Bank and Trust shall be satisfied in full first, and Kansas Bankers Surety Company shall be paid second.**

**ORDERED:**  **Interest on the Restitution is waived.**

**ORDERED:**  **The defendant shall pay a Special Assessment of $100, due and payable immediately.**

**ORDERED:**  **The Court finds that the defendant does not have the ability to pay a fine, so the Court will waive the fine in this case.**

**ORDERED:**  **Payment of the monetary obligations shall be due as follows:**

                **The Special Assessment and Restitution obligation are due immediately. Any unpaid Restitution balance upon release from incarceration shall be paid in monthly installment payments in accordance with a Payment Plan to be developed with the probation officer and approved by the Court. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly income.**

**Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, and the defendant's admission to the forfeiture allegation contained in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense.**

Defendant advised of his right to appeal his conviction, as well as the sentence imposed, except in very limited circumstances.

**ORDERED:**  **Defendant is REMANDED to the custody of the U.S. Marshal.**

12:05 p.m.    Court in Recess
                Hearing concluded
                Time: one hour and seven minutes